

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. M. Beasley
County Auditor
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-1792
Re: Capias pro fine - Justice
courts - construction of
Article 920, Code of Crimin-
al Procedure of Texas.

Your request for an opinion has been received
and carefully considered by this department. Your letter
of request, submitting six questions, reads as follows:

"Please advise me at your earliest oppor-
tunity the proper procedure for me to follow
under this set of facts.

"A defendant enters a plea of guilty in
justice court, the fine and costs assessed against
him amount to approximately $15.00. He makes
partial payments of this fine and costs to the
justice of the peace to the amount of $6.00. He
makes no further effort to pay the balance. The
defendant is arrested on a capias pro fine and
carried to the county farm with about $8.00 addi-
tional costs for serving the capias pro fine and
carrying the defendant to the county farm. Of
course, according to the statute the defendant
has to remain on the county farm for a period of
ten days.

"The questions I wish you would answer for
me are these:

"1. Is a capias pro fine the proper proce-
dure to follow under these facts to commit the
defendant to the county farm?

"2. Should the defendant be given credit
for the amount he has paid on his fine and costs

Honorable R. E. Beasley, Page 2

by subtracting this amount or its equivalent
from the statutory ten day period?

"3. Should he be required to serve a total
of ten days regardless of how much money he had
paid on his fine and cost?

"4. Should the amount of money that he had
paid before the capias pro fine was issued be
returned to him and then the defendant be requir-
ed to serve out the entire fine and costs on the
county farm?

"5. Is the arresting officer entitled to
his fee in full from the part of money which
had been paid or should he be entitled to only
one half of his fees, or should he be entitled
to a pro rata part of his fees in full in pro-
portion that the amount of money paid bears to
the total fine and cost?

"6. Assuming the defendant's fine and cost
to be $15.00 he is entitled to a credit of $3.00
for each day that he serves at the county farm.
Assuming that he goes to the county farm and
serves five days and then wants to pay the bal-
ance in cash and be released from the farm, just
what amount should he be required to pay in cash
in order to be released?"

Article 787, Code of Criminal Procedure of Texas,
reads as follows:

"When a judgment has been rendered against
a defendant for a pecuniary fine, if he is pres-
ent, he shall be imprisoned in jail until dis-
charged as provided by law. A certified copy
of such judgment shall be sufficient to author-
ize such imprisonment."

Article 788, Code of Criminal Procedure of Texas,
reads as follows:

"When a pecuniary fine has been adjudged
against a defendant not present, a capias shall
forthwith be issued for his arrest. The sheriff
shall execute the same by placing the defendant
in jail."

Honorable R. E. Beasley, Page 3


Article 789, Code fo Criminal Procedure of Texas,
reads as follows:

"There such capias issues, it shall state
the rendition and amount of the judgment and
the amount unpaid thereon, and command the sher-
iff to take the defendant and place him in jail
until the amount due upon such judgment and the
further costs of collecting the same are paid,
or until the defendant is otherwise legally dis-
charged."

Article 792, Code of Criminal Procedure of Texas,
reads as follows:

"When a defendant has been committed to
jail in default of the fine and costs adjudged
against him, the further enforcement of such
judgment shall be in accordance with the pro-
visions of this Code."

Article 793, Code of Criminal Procedure of Texas,
reads as follows:

"When a defendant is convicted of a misde-
meanor and his punishment is assessed at a pecun-
iary fine, if he is unable to pay the fine and
costs adjudged against him, he may for such time
as will satisfy the judgment be put to work in
the workhouse, or on the county farm, or public
improvements of the county, as provided in the
succeeding article, or if there be no such work-
house, farm or improvements, he shall be imprison-
ed in jail for a sufficient length of time to dis-
charge the full amount of fine and costs adjudged
against him; rating such labor or imprisonment at
Three Dollars ($3) for each day thereof; . . . ."

Article 920, Code of Criminal Procedure of Texas,
reads as follows:

"A defendant placed in jail on account of
failure to pay the fine and costs can be dis-
charged on habeas corpus by showing:

"1. That he is too poor to pay the fine
and costs, and

Honorable R. E. Beasley, Page 4

"2. That he has remained in jail a suffi-
cient length of time to satisfy the fine and
costs, at the rate of three dollars for each
day.

"But the defendant shall, in no case under
this article, be discharged until he has been
imprisoned at least ten days; and a justice of
the peace may discharge the defendant upon his
showing the same cause, by application to such
justice; and when such application is granted,
the justice shall note the same on his docket."

Article 1055, Code of Criminal Procedure of Texas,
reads as follows:

"The county shall not be liable to the of-
ficer and witness having costs in a misdemeanor
case where defendant pays his fine and costs.
The county shall be liable for one-half of the
fees of the officers of the Court, when the de-
fendant fails to pay his fine and lays his fine
out in the county jail or discharges the same
by means of working such fine out on the county
roads or on any county project. And to pay such
half of costs, the County Clerk shall issue his
warrant on the County Treasurer in favor of such
officer to be paid out of the Road and Bridge
Fund or other funds not otherwise appropriated."

The Court of Criminal Appeals of Texas has defi-
nitely recognized that prisoners should be given credit
on their fines and costs for service in jail or in the
workhouse or other public works. The court also definite-
ly recognized the right of a convict to serve part of his
time in jail and pay the balance in cash. See the case of
Ex Parte Hill, 15 J. W. (2d) 14 (Texas Court of Criminal
Appeals).

The Court of Criminal Appeals of Texas has re-
cognized a distinction between the credit to be allowed
for service in jail under Article 793 and Article 920 of
the Code of Criminal Procedure. Article 793, supra, ap-
plies to the satisfaction of judgments in misdemeanor
cases in courts other than justice courts. Article 920,
supra, applies alone to convictions before justices of
the peace. See Ex Parte Fernandez (Texas Court of Crimin-
al Appeals), 57 S. W. (2d) 578 and Ex Parte McLaughlin
(Texas Court of Criminal Appeals), 60 S. W. (2d) 786.

Honorable R. E. Beasley, Page 5

We quote from opinion O-441 of this department as follows:

"It is the opinion of this department that $3.00 per day is the proper rate for allowance or credit to be given prisoners who have been convicted of misdemeanors for serving time in jail, or for working out their fines as provided by law. . . . It is the further opinion of this department that Article 920 of the Code of Criminal Procedure of Texas applies only to convictions obtained in justice courts but the same is mandatory as applied to justice courts. For example, A, B and C are all convicted in justice courts for misdemeanor. A's fine and costs amount to $15.00; B's fine and costs amount to $30.00 and C's fine and costs amount to $45.00. Under Article 920 of the Code of Criminal Procedure of Texas, although said article allows $3.00 per day for jail service, said article further provides a minimum of ten days imprisonment. A must serve the minimum of ten days. B's fine and costs amount to $30.00 which divided by $3.00 would make ten days. C's fine and costs amount to $45.00; he is allowed $3.00 per day; he must serve 15 days."

We quote from opinion No. 0-1015 of this department, rendered September 8, 1939, as follows:

"It is therefore, our opinion that a prisoner convicted in the justice court, when his total fine and costs is a sum under $30.00 should receive credit for only one-tenth of the total amount for each day he serves. To illustrate, and carry Mr. _____'s example further, A, whose fine and costs amount to $15.00 should receive credit for $1.50 for each day served in custody; should he elect to pay the balance of his obligation in cash after five days in jail, he should be required to pay $7.50 in cash."

Opinion No. 0-1578 of this Department holds that a constable is entitled under article 1055, Code of Criminal Procedure of Texas, to half costs on that part of the time a defendant remains in jail or works for the county when he so discharges part of the fine and costs and pays off a part, and that the same shall be properly prorated.

Opinions Nos. O-469 and O-755 of this department hold that where only a part of the fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine and that where there is not enough collected to pay all of the costs, the money should be prorated and that in such a case one officer had no priority over another. We quote from opinion No. O-755 as follows: -

> "In view of the trial fee above provided, being a part of the costs, and by reason that the justice of the peace is paid by the county, it is our opinion that the $8.50 in question should be prorated on the basis of $5.00 to the county attorney; $5.50 to the constable and $4.00 to the county, which figures approximately sixty-four and a fraction cents on the dollar. The county would get its pro rata part of the payment."

Opinions Nos. O-469 and 755, supra, cite Article 949 of the Code of Criminal Procedure of Texas, which reads as follows:

> "Money collected by an officer upon recognizance, bail bonds and other obligations recovered under any provisions of this code, and all fines, forfeitures, judgments and jury fees, collected under any provisions of this code, shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county after first deducting therefrom the legal fees and commissions for collecting same."
> (Underscoring ours)

You are, therefore, respectfully advised as follows:

1. Your first question is answered in the affirmative.

2. Your second question is answered in the affirmative.

3. Your third question is answered in the negative.

4. Your fourth question is answered in the negative. In your particular matter the total of defendant's

Honorable R. E. Beasley, Page 7

fine and costs, including the costs of the capias pro fine and mileage to the county farm, is $23.00. The defendant should be allowed $2.30 credit on his fine and costs for each day he serves on the county farm in this case.

5. In answer to your fifth question, it is the opinion of this department that where only a part of the fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine, and that where there is not enough collected to pay all the costs, the money collected should be prorated between the arresting officer, the county attorney and the county. That no officer has priority over another in such matter. For example, if the fine and costs amount to $23.00; as in your case; the fee of the county attorney amounts to $5.00; the fee of the constable amounts to $13.00 and the trial fee amounts to $4.00; if the defendant paid $6.00 in cash and the balance is worked out on the county farm the arresting officer would be entitled to $3.55 of the cash payment, the county attorney would be entitled to $1.36 of the cash payment and the county (as its portion of the trial fee) would be entitled to receive $1.09 of the cash payment. The arresting officer and the county attorney would also be entitled to receive payment from the county under Article 1055, Code of Criminal Procedure of Texas, one half of the balance of their fees for the time the defendant worked out the balance of his fine and costs. Under the example quoted above the arresting officer would be entitled to receive from the county the sum of $4.72; the county attorney would be entitled to receive from the county the sum of $1.82. The total sum received by the arresting officer from both sources would be $8.27; the total sum received by the county attorney from both sources would be $3.18.

6. The amount due under your sixth question would be $7.50.

Trusting that this satisfactorily answers your inquiry and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

JAN 16, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By
W. J. Fanning
Assistant

WJF:LM